## International & Great Northern Railway Company v. P. H. Wentworth.

### No. 455.

1. **Application for Writ of Error Insufficient—Express Contract.**
   Finding of facts by Court of Civil Appeals affirmed, in deciding that the stated facts did not prove the special contract upon which the right of action was based ...... .................................................... ... 312

2. **Quære—Receiver's Contracts.**
   Whether receiver can make contract for shipment beyond his line so as to render the road in his charge liable .. ................................ 312

Application for writ of error to Court of Civil Appeals for Fourth District, in an appeal from District Court of Bexar County.

This is an appeal from a judgment against the International & Great Northern Railway for damages caused by delay, etc., in carrying a shipment of sheep from Kerrville, Texas, to Chicago. It was alleged that by special contract with an agent of the receiver, Campbell, then in charge of the road, the sheep were to be delivered via the Iron Mountain Road within four days.

Touching this special contract, the Court of Civil Appeals states: "In reference to the negotiations between Eads (the agent) and appellee, contained in the statement of facts, we find nothing from which even an inference can be drawn that such a contract as is contended for by appellee was ever made. The only thing that squints towards it is that appellee told Eads that he 'wanted a quick run,' and that Eads 'said it would take four days to get them on the Wednesday morning market,' and that he would give appellee a quick run, and as appellee had ten cars he could run them as special."

The judgment was reversed and cause dismissed.

In application for writ of error, among other matters complaint was made that: "The court erred in holding as matter of law that no express contract was shown to deliver the freight in question within four days' time, and the court erred in attempting to make a finding of fact on this question in its opinion on the motion for rehearing, because the court in its said opinion states sufficient facts from which there can be deduced but one conclusion, that there was a contract to ship the stock to its destination in four days' time; and the court erred in hold-

ing as a matter of law that the evidence which is quoted in the opinion * * * did not constitute a contract upon the terms referred to.

"The court erred in not holding that the carrier, having violated his contract to deliver the freight within four days' time at its destination, was liable for the breach of contract.

"The court erred in its conclusions of law in holding that the carrier was not liable for the deviation from the route agreed upon, when it is shown by the record that the appellant had knowledge of the fact that it was probable that it would be impossible to carry the freight by the agreed route; and by not holding that the carrier contracted absolutely, having in view the risk he assumed in not being able to carry the freight by the alleged route."

*Ogden & Harwood,* for application.

BROWN, ASSOCIATE JUSTICE.—The application for writ of error in this case is refused, for the reasons that the Court of Civil Appeals correctly held that the evidence did not establish a contract to ship and deliver the sheep within a given time, as alleged; and also because there does not appear from the facts as found to have been any evidence that the deviation from the agreed route caused the plaintiff any damage.

We have not felt called upon to determine the correctness of the opinion of the Court of Civil Appeals upon the question as to the power of the receiver of a railroad company to make contracts for through shipments of freight so as to bind the receiver for losses beyond the line of road under his control, and in refusing this application we do not pass upon that question.

*Application refused.*

Delivered November 19, 1894.